Curta, pev
Nótt, J.
In the course of the argument the verdict has been attempted to be supported on the ground that there were certain runaway negroes in the neighborhood at the time this occurrence took place, who were committing murders and other outrages, which kept the country in such a state of alarm as justified the defendant in shooting under the particular circumstances of the pase ; that he had not therefore committed any trespass for which he was answerable, although the death of the negro was the consequence. I do not know but instances might occur where runaway negroes may become *157 -bo dangerous that every person in the community might be considered as acting on the defensive against them, but even in such a state of things, a person must take care that he does hot mistake his object. No such state of alarm existed in this instance, nor was there any evidence to that effect. The defendant himself did not pretend that he acted from any puch motive. He acknowledged that he did not know the negroes, but that he neverthe? less shot with a determination to kill, “ for he was determined to kill every rascal that came inside of his plantation.” It was not then because he was under any state of alarm, or that he apprehended these persons to be of dangerous character, but it was in pursuance of a resolution which he had taken, to kill every one that he found thus trespassing upon him. It.is true it turned out in evidence, that this was a negro of bad character; but still he was entitled to the protection of the law, and his, owner to the value of his services. It is only in the latter point of view that the case is now to, be considered. Being of ;bad character unquestionably lessened his value, and it might therefore be considered in mitigation of damages; but it was no'justification. The jury were not at liberty therefore to let the defendant off with merely nominal damages. They were .bound to, give the plaintiff the value of the property, whatever it might be. In cases sounding altogether in damages, such, as slander, malicious prosecution, and the like, which furnish no data for the estimation of the damages the jury are left in a great measure without any controul./ But where property is in question, the value of the article, as nearly as it, can be ascertained, furniáhes a rule from which,they are not at liberty to depart, Wallis vs Frazier, 2 N. & M'C. 516. They may, to be sure, in wanton and malicious trespasses,: give what are sometimes called vindictive damages, beyond the real value of the property. They are however *158 not at liberty, directly contrary to the evidence, imperiously to give any arbitrary sum, below its value, as they may think proper. The verdicts of juries, though always well intended, are often the result of momentary feeling, and the tenure of property would be very precarious if it were to depend upon such hasty and fleeting impressions. There is no principle upon which this verdict can be justified, and the motion for a new trial must be granted.

New trial granted.